IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC RAMIREZ,<br>      Plaintiff, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 18-1875 |
| | : |
| LEHIGH COUNTY COURT, *et al.,*<br>      Defendants. | :<br>: |

**MEMORANDUM OPINION**

**Schmehl, J. s/s JLS**                                                                                             March 5, 2019

**I.**     **INTRODUCTION/STATEMENT OF FACTS**

Plaintiff, Eric Ramirez, brings this *pro se* action against the Lehigh County Court, the Honorable Brian Johnson, and Jaclyn Bonstingl. Plaintiff alleges violations of his constitutional rights in connection with a 2013 Protection From Abuse case over which Judge Johnson presided in the Domestic Relations Section of the Lehigh County Court of Common Pleas, *Bonstingl v. Eric Ramirez*, Docket No. 201-PF-0376. The Complaint is difficult to decipher, but Plaintiff appears to be alleging that Judge Johnson unjustly dismissed a 2016 motion that he filed to dismiss the 2013 PFA judgment and restraining order that was entered against him despite Plaintiff's claim that he was incarcerated at all relevant times. *See* Docket No. 1. For the reasons that follow, I will grant Defendants' Motion to Dismiss.[1]

**II.**     **DISCUSSION**

First, Defendants argue that this action should be dismissed against them because

---

[1] Plaintiff has also included Jaclyn Bonstingl as a defendant in this matter. A review of the docket entries shows that she was never properly served with the summons and complaint. Accordingly, this matter will be dismissed as to Defendant Bonstingl without prejudice.

Plaintiff's claims are barred by the *Rooker-Feldman* doctrine. This doctrine provides that federal courts lack jurisdiction to review state court judgments where the relief sought is in the nature of appellate review. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). A federal district Court has no authority to review the propriety of judgments of a state court where the losing state court party complains of injuries from the state court ruling. *Gary v. Braddock Cemetery*, 517 F.3d 195, 201 (3d Cir. 2008). Federal district courts lack subject matter jurisdiction over challenges that are the functional equivalent of an appeal of a state court judgment, whether it is for claims that are actually raised in state court or those that are "inextricably intertwined" with the state court adjudication. *Marran v. Marran*, 376 F.3d 143, 140 (3d Cir. 2004); *Moncrief v. Chase Manhattan Mortg. Corp.*, 275 Fed. Appx. 149, 152-53 (3d Cir. 2009).

For the *Rooker-Feldman* doctrine to apply, four requirements must be met: 1) the federal plaintiff lost in state court; 2) the plaintiff complains of injuries caused by the state court judgments; 3) those judgments were rendered before the federal suit was filed; and 4) the plaintiff is inviting the district court to review and reject the state court judgments. *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010).

In the instant matter, Plaintiff takes issue with Judge Johnson's rulings in a state court matter and asks this court to invalidate Judge Johnson's orders. Applying the facts of the instant situation to the above four factors, it is clear that all of the requirements are met. The first and second elements are clearly satisfied because Plaintiff lost in state court, and he complains of injuries caused by Judge Johnson's state court rulings. The third requirement is met because Plaintiff takes issue with state court orders from 2013 and 2016, well before the instant action was filed on May 2, 2018. Lastly, the fourth requirement is met because Plaintiff is asking this

Court to review and overrule Judge Johnson's orders. As all four elements necessary to apply the *Rooker-Feldman* doctrine have been met, this Court is without subject matter jurisdiction to hear this case. Plaintiff argues that the *Rooker-Feldman* doctrine is not satisfied because "Plaintiff lost in Court based on the alleged victims unsworn falsification to authorities and perjured court room testimony." Docket No. 15 at ¶ 2. Plaintiff also makes mention of "evidence of [his] innocence." *Id.* These are both issues that challenge the propriety of Judge Johnson's orders, and are not the proper subject of federal litigation. I find that the four requirements of the *Rooker-Feldman* doctrine are met. Therefore, Defendants' Motion to Dismiss is granted and the complaint is dismissed with prejudice as to Defendants. Judge Brian Johnson and Lehigh County Court.[2]

### III. <u>CONCLUSION</u>

This Court has no jurisdiction over this matter pursuant to the *Rooker-Feldman* doctrine, and Plaintiff's Complaint will be dismissed. I am mindful of the fact that in civil rights cases, *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, *see Fletcher–Hardee Corp. v. Pote Concrete Contractors,* 482 F.3d 247, 253 (3d Cir.2007), unless granting further leave to amend is not necessary where amendment would be futile or result in undue delay, *Alston v. Parker,* 363 F.3d 229, 235 (3d Cir.2004). In this matter, it would clearly be futile to allow Plaintiff to amend, as this Court would have no jurisdiction over any such amended complaint. Accordingly, Plaintiff's Complaint is dismissed.

---

[2] Further, even if this Court did have jurisdiction to entertain this matter, both Judge Johnson and Lehigh County Court are immune from suit in this matter pursuant to the Eleventh Amendment. In addition, Judge Johnson is immune from suit for all acts taken in his judicial capacity. Accordingly, this matter should be dismissed.